IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VICTOR M. RIVERA,** | : | **CIVIL ACTION NO. 1:25-CV-220** |
| Plaintiff | : | (Judge Neary) |
| v. | : | |
| **LEBANON COUNTY CORRECTIONAL FACILITY,** *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Victor M. Rivera, alleges that unnamed officers in Lebanon County Correctional Facility ("LCCF") violated his civil rights by damaging his personal property and that defendant Austin Tracey, a correctional officer in the prison, violated his civil rights by verbally harassing him. We will dismiss the complaint for failure to state a claim upon which relief may be granted and grant Rivera leave to file an amended complaint.

**I.      Factual Background & Procedural History**

Rivera, who has been detained in LCCF at all relevant times, filed this case on February 4, 2025. According to the complaint, Rivera returned to his cell on October 16 of an unspecified year when he noticed that his legal paperwork was strewn on the floor, that several legal books were missing, that his glasses had been stepped on and broken, that his kufi was on the floor, and that his prayer rug had been stepped on. (Doc. 1 at 3). Rivera left his cell and asked defendant Tracey if he could speak with a "white shirt" to ask about the condition of his cell and why his

legal materials had been taken.[1]  (Id. at 3-4).  Tracey allegedly responded by yelling, "lock the fuck down!" and telling Rivera that he was "not calling a fucking white shirt!"[2]  (Id. at 4).  Rivera again requested to speak with a white shirt, at which point Tracey purportedly threatened to "mace" Rivera and again denied his request.  (Id.)  Rivera told Tracey he was going to file a grievance against him, and Tracey allegedly responded by calling him a "a dumb fucking spic."  (Id.)  Rivera went back to his cell and called his wife on his tablet.  (Id.)  As Tracey walked by the cell, Rivera asked him for his first name.  (Id.)  Tracey purportedly "scream[ed]" at Rivera in response.  (Id.)  Rivera subsequently filed a grievance against Tracey, but the grievance was denied based on purportedly insufficient evidence.  (Id. at 4-5).

The complaint asserts claims for violation of Rivera's First Amendment right to free exercise of his religion and violation of his Fifth Amendment right to due process by the unnamed officers who damaged and confiscated his personal property, and denial of Rivera's Fourteenth Amendment right to vote by defendant Tracey.  (Id. at 5).  LCCF and Tracey are named as defendants.  (Id. at 1).  Rivera seeks damages and injunctive relief.  (Id. at 3).

## II. <u>Legal Standard</u>

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or

---

[1] The court takes judicial notice that "white shirt" is a slang term often used in prisons to refer to a supervisory correctional officer.

[2] Rivera has censored multiple uses of the word "fuck" in his complaint using asterisks.  The court has uncensored them in the instant opinion for the sake of clarity.

seeks redress against a governmental employee or entity.  See 28 U.S.C. § 1915(e)(2);³ 28 U.S.C. § 1915A.⁴  The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

In screening claims under Sections 1915A(b) and 1915(e)(2)(B), the court applies the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See, e.g., Coward v. City of Philadelphia, 546 F. Supp. 3d 331, 333 (E.D. Pa. 2021); Smith v. Delaware, 236 F. Supp.3d 882, 886 (D.

---

³ 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
  **(A)** the allegation of poverty is untrue; or
  **(B)** the action or appeal—
    **(i)** is frivolous or malicious;
    **(ii)** fails to state a claim on which relief may be granted; or
    **(iii)** seeks monetary relief against a defendant who is immune from such relief.

⁴ 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
  **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
  **(2)** seeks monetary relief from a defendant who is immune from such relief.

Del. 2017). This standard requires the court to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded,

must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## III. Discussion

Rivera's federal constitutional claims are filed pursuant to 42 U.S.C. § 1983. Section 1983 creates a cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

At the outset, we will dismiss all claims against LCCF because it is not a proper defendant. Section 1983 allows a plaintiff to bring suit only against a "person" who violates the plaintiff's constitutional rights while acting under color of state law. 42 U.S.C. § 1983. County jails are not persons subject to suit under Section 1983. See, e.g., Edwards v. Northampton County, 663 F. App'x 132, 136 (3d Cir. 2016) (nonprecedential); Beaver v. Union County Pennsylvania, 619 F. App'x 80, 83 (3d Cir. 2015) (nonprecedential); Lenhart v. Pennsylvania, 528 F. App'x 111, 114 (3d Cir. 2013) (nonprecedential).

Turning next to the claims that unnamed officers violated Rivera's rights to freedom of religion and due process, although the complaint does not formally name any guards involved in the initial damage to Rivera's personal property as

5

defendants, we liberally construe the complaint as asserting claims against an undefined number of John Doe defendants.  Nevertheless, we will dismiss the claims against the John Doe defendants for failure to state a claim upon which relief may be granted.  There are no allegations of the John Doe defendants harming Rivera's right to practice his religion other than the allegation that his kufi was on the floor and his prayer rug had been stepped on.  Rivera has not alleged how these actions placed a substantial burden on his ability to practice his religion, and absent such allegations his claim fails.  Thompson v. Ferguson, 849 F. App'x 33, 36 (3d Cir. 2021) (nonprecedential); Washington v. Grace, 445 F. App'x 611, 616 (3d Cir. 2011) (nonprecedential).

The due process claim against the John Doe defendants similarly fails to state a claim upon which relief may be granted.  Due process claims based on destruction or deprivation of a prisoner's personal property fail as a matter of law if the government provides adequate post-deprivation procedures to remedy the property loss.  Hudson v. Palmer, 468 U.S. 517, 533-34 (1984).  The Third Circuit has held that the DOC's grievance process generally provides an adequate post-deprivation remedy for the deprivation of property.  See Pressley v. Johnson, 268 F. App'x 181, 183 (3d Cir. 2008) (nonprecedential); Jordan v. Horn, 165 F. App'x 979, 981 (3d Cir. 2006) (nonprecedential).  Rivera has not alleged any facts to show that the grievance process was inadequate in the instant case.  Hence, we will dismiss this claim.

Finally, we will dismiss Rivera's claims against defendant Tracey.  Rivera asserts that Tracey violated his right to vote by racially harassing him.  We cannot

6

discern any basis for viewing Tracey's alleged actions as a violation of Rivera's right to vote, and such a claim will accordingly be dismissed.

Although it is not specifically asserted in the complaint, we liberally construe the complaint as additionally asserting a claim against Tracey for cruel and unusual punishment in violation of the Fourteenth Amendment[5] because that is the more logical legal theory for Tracey's alleged actions. This claim, however, also fails. The only allegations against Tracey are that he verbally threatened and harassed Rivera. Verbal threats and harassment do not constitute cruel and unusual punishment. See, e.g., Washington v. Rozich, 734 F. App'x 798, 801 (3d Cir. 2018) (nonprecedential); Rieco v. Moran, 633 F. App'x 76, 79 (3d Cir. 2015) (nonprecedential); Robinson v. Taylor, 204 F. App'x 155, 156 (3d Cir. 2006) (nonprecedential).

Before dismissing a civil rights complaint for failure to state a claim, courts must permit a curative amendment unless the amendment would be inequitable or futile. Phillips, 515 F.3d at 245. We will dismiss the claims against LCCF with prejudice because those claims fail as a matter of law, but we will otherwise grant Rivera leave to amend because we cannot conclude at this stage of litigation that amendment of his complaint would be inequitable or futile.

---

[5] Because Rivera is housed in a county facility, the court assumes he was a pretrial detainee at the time of the alleged wrongdoing by Tracey. Any cruel and unusual punishment claim against Tracey would therefore be governed by the Fourteenth Amendment rather than the Eighth Amendment. Even if the claim were governed by the Eighth Amendment, it would fail for the same reasons the Fourteenth Amendment claim fails.

7

**IV.     Conclusion**

We will dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and grant Rivera leave to file an amended complaint.  An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:     February 11, 2025